## JOHN HALEY v. STATE.

No. A-3478. Opinion Filed July 16, 1921.
Rehearing Denied Nov. 19, 1921.
(200 Pac. 1009.)
(Syllabus.)

1. **Preliminary Examination—Right of State to Proceed Despite Waiver by Defendant.** A waiver of preliminary examination by defendant does not prevent state from proceeding with examination and taking evidence in order to determine exact crime for which defendant should be held, as section 5680, Rev. Laws 1910, contemplates, not only that defendant may be held for felony charged in preliminary complaint, but for a different felony, if upon a hearing the facts so show.

2. **Bail—Magistrate not Required to Release on Bail until Hearing on Felony.** Where one charged with a felony is before an examining and committing magistrate for a hearing, the magistrate is not required to release the accused on bail until a hearing be had, if demanded by the state, and it has been determined in such hearing the exact offense, according to the facts, which accused has committed, if any; whether the same is bailable, and, if so, the amount of bail that should be fixed.

3. **Evidence—Evidence Given at Preliminary Examination.** Evidence taken at a preliminary examination may be read at the trial, where such witness has since died, and also of a witness who is out of the state at the time of trial, if proper diligence was used to obtain his attendance at the trial.

4. **Same.—**An objection that the transcript of the evidence taken at the preliminary was filed in the district court by the stenographer and not by the examining magistrate is not sufficient ground for rejecting the evidence of witnesses at the preliminary, where the other proper predicates for the admission of such evidence are established, including proof that the evidence admitted is the evidence of the witness as given at the preliminary.

5. **Same.** An objection to evidence of witnesses at preliminary on the ground that stenographer taking same was not qualified is properly overruled, as directed against the weight of the evidence and not its admissibility; the weight to be given such evidence being exclusively for the jury.

6.    **Larceny—Conversion of Property by Employe Having Care Thereof.** Where a servant and employe of the owner of property merely has the care and oversight of same and not its possession, and it is clear he converted the same to his own use without the consent of the owner, the crime is larceny.

7.    **Same—Evidence Sustaining Conviction.** Evidence examined, and held sufficient to sustain conviction.

8.    **Same—Proof by General Reputation that Owner was a Corporation.** Uncontroverted proof by general reputation that the owner of the property stolen, the Carter Oil Company, was a corporation, was sufficient on this point in a criminal prosecution.

Appeal from District Court, Creek County; Lucien B. Wright, Judge.

John Haley was convicted of grand larceny, and he appeals. Affirmed.

E. G. McAdams, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

MATSON, J. John Haley was convicted in the district court of Creek county of the crime of grand larceny on a trial upon an information jointly charging him with two others of stealing in said county, on or about the 8th day of September, 1917, approximately 500 barrels of heavy oil of the property of the Carter Oil Company, of the value of about $360.

Severance was asked and granted this defendant, and trial was had to a jury, which assessed his punishment at imprisonment in the state penitentiary for one year and one day. Judgment was rendered on the 28th of June, 1918, and an appeal taken therefrom to this court.

It is first contended that the trial court erred in permitting the state to read the evidence of two witnesses taken at an alleged preliminary examination of this offense.

The facts bearing upon the question here involved are as follows: Defendant, Haley, was arrested, charged by complaint filed before a committing magistrate with the identical crime for which he was in this trial convicted. Upon his arrest he appeared before the magistrate in person and by counsel, pleaded not guilty, and at that time did not waive the taking of a preliminary examination. The magistrate thereupon subpoenaed the witnesses desired by the state, and set the hearing at a future day. On the day the cause was set for preliminary hearing, defendant having previously been admitted to bail, appeared in person and by counsel, and announced that he desired to waive preliminary examination. Thereupon the state announced that it desired to take evidence and have a hearing. The magistrate ruled that it was the right of the state under the law to have a hearing, although defendant waived the examination. To this action defendant excepted, and counsel who were representing defendant withdrew from his defense. Whereupon the magistrate announced to defendant that he had the right to have counsel represent him at a hearing, and asked him if he desired the court to appoint counsel for him, whereupon defendant announced that he did not desire counsel at the hearing, that he had waived a preliminary hearing, and desired to be immediately admitted to bail, with permission to absent himself from such hearing. This request was denied to defendant. Whereupon the court had witnesses for the state sworn, and their testimony taken in shorthand, defendant being offered an opportunity to cross-examine such witnesses, but refused to do so.

Upon the trial the state offered against defendant the testimony of one Leeper and one Updike, taken at this alleged preliminary hearing, and defendant objected thereto upon several grounds: (1) That the state had no authority to take

a preliminary examination after waiver of same by defendant. (2) That the state had no authority to use testimony taken under such circumstances: (a) Because there had been a waiver of preliminary examination by defendant; (b) because the transcript of the evidence was filed in the district court by the stenographer, and not by the examining magistrate; (c) because the testimony so taken shows to be garbled and the stenographer taking the same incompetent.

The first ground of objection has been decided adversely to the contention of defendant in the following cases: Ponosky v. State, 8 Okla. Cr. 116, 126 Pac. 451; Quinton v. State, 10 Okla. Cr. 520, 139 Pac. 705.

While the Constitution and statutes give the defendant the right to waive a preliminary examination as to any offense charged against him, such waiver does not have the effect of preventing the state from taking evidence and proceeding with an examination in order to determine the exact crime for which defendant should be placed upon trial. If the rule were otherwise, defendant, by a waiver of a preliminary examination, could prevent the state from investigating the nature of the crime of which defendant is probably guilty, if any, and properly charge him in the trial court with that crime of which he is probably guilty. Section 5680, Revised Laws 1910, clearly contemplates, not only that defendant may be bound over for the offense named in the preliminary complaint, but upon a hearing, if the facts so show, he may be bound over for any felony that there is sufficient cause to believe him guilty of.

It follows, therefore, that the right of the state to take evidence in a preliminary hearing is not precluded by any action of defendant in waiving a hearing as to the particular offense charged in the preliminary complaint, and, where a

defendant is properly brought before an examining and committing magistrate, he may be required to attend such a hearing, and is not required to be released upon bail until the examining magistrate has determined in such a hearing the exact offense according to the facts which the defendant has committed, if any, whether the same is bailable, and, if so, the amount of bail that should be fixed.

Therefore, we deem it immaterial whether defendant waived a preliminary examination as to the particular offense charged in the preliminary complaint. The pertinent inquiry here is whether or not a hearing was had as authorized by law, was defendant present? were witnesses sworn? did they give evidence? and was defendant given an opportunity to cross-examine them? We think that it is clear from this record that all constitutional rights of defendant as to the confrontation of witnesses were afforded to him. Reaching this conclusion, it is our opinion that evidence so taken, when proper predicate is laid therefor, may be used against such defendant upon the subsequent trial of the cause.

In this case the admitted fact was that the witness Leeper was out of the state at the time of the trial, and that his attendance could not be procured by the process of the trial court. It is also admitted that the witness Updike had died since the preliminary examination. There is also a sufficient showing of diligence used by the state prior to the trial to obtain the attendance of the witness Leeper.

The objections that the transcript of the evidence was filed in the district court by the stenographer and not by the examining magistrate, and also that the testimony of these witnesses is garbled, the stenographer being incompetent, are not objections going to the admissibility of the evidence. The stenographer was used as a witness, and testified that she

took the evidence at the preliminary examination; that it was correctly taken and properly transcribed, and that the evidence read on the trial was a correct transscript of the testimony of the witnesses as given at the preliminary hearing. We think this was a sufficient showing to admit the testimony. The question of the qualification of the stenographer is directed to the weight of the evidence, not to its admissibility. Finding no substantial merit in this assignment of error, we decline to disturb the judgment for any of the reasons given thereunder.

Secondly, it is urged that the evidence is insufficient, in that if it shows the commission of any offense, it is that of embezzlement instead of larceny. We think this assignment is without merit. There is no evidence in the record which tends to disclose that defendant had possession of the property alleged to have been stolen. While he was a servant and employe of the owner of the property, he merely had the care and oversight of same, and not its possession. He had only the custody of the property for the owner, and it is clear he converted the same to his own use without the consent of the owner. Under such circumstances the crime is larceny, and not embezzlement. Wharton, Criminal Law (10th Ed.) § 956.

It is also contended that there is no evidence to establish the fact that the Carter Oil Company lost any of its oil, or that any oil belonging to said company was stolen by this defendant and pumped out of its tanks or dykes into the Leeper pipe line. The undisputed evidence is that defendant arranged with Mr. Leeper, the president of the Riverside Refining Company, to sell him some oil; that Mr. Leeper, together with another witness, went out to the tank farm of the Carter Oil Company, and was there shown some low-grade oil that the defendant stated had been given to him, and arrangements were then made between defendant and Leeper to

convey the oil by pipe from the tank farm of the Carter Oil Company to the pipe line of the Riverside Refining Company, which was located about 300 yards away; that thereafter connection was made between the place where this oil was stored and said pipe line, and defendant and others jointly charged with him were seen pumping the oil from such property into said pipe line; that thereafter the Riverside Refining Company paid a codefendant, who, together with defendant, made the original negotiations for the sale of this oil, the sum of $350.06 for 500 barrels of oil delivered as aforesaid. All of these facts and circumstances were undenied by the defendant, although proof was positive to the effect that he had no authority from the Carter Oil Company to dispose of said oil. We deem the evidence sufficient to authorize the jury to conclude that defendant was guilty as charged.

It is also contended that the trial court erred in permitting the state to prove by general reputation that the Carter Oil Company was a corporation, as alleged in the information. We think this evidence was sufficient on this point in a criminal prosecution. 7 Ruling Case Law, p. 103; State v. Thompson, 23 Kan. 338, 33 Am. Rep. 165.

For reasons stated, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.