# ROBERT McCURDY v. STATE.

No. A-6187.   Opinion Filed March 10, 1928.
(264 Pac. 925.)

J. M. Springer and John F. Vaughan, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county on a charge of murder and was sentenced to imprisonment in the state penitentiary for life.

The record discloses that at the time charged in the information defendant with Raymond Porter and Edward F. McMurtry drove into the little town of Mehan.  After a few minutes they drove to the edge of town, stopped their car, and walked to the store of Dorsey Andrews.  McMurtry had a rifle and waited outside the store while Porter and defendant went inside and attempted to rob it.  Andrews resisted the robbery and in the ensuing difficulty was shot three times with a 45-caliber pistol from which death resulted. After the shooting, the parties fled.  McMurtry testified for the state; defendant did not take the stand. The defendant, Porter, and McMurtry were jointly charged and had a preliminary.  McMurtry waived examination and was held for prosecution in the district court.  At the preliminary hearing the state offered in evidence the testimony of an undertaker who examined the body of Andrews immediately after his death, who testified as to the number of wounds and the location thereon and the scene surrounding the body.

His evidence sufficiently proves the unlawful killing of Andrews. In addition there was evidence that the codefendants Porter and McMurtry, in the presence of defendant, had each voluntarily made a confession that they, with defendant, killed the deceased. There was further introduced these statements or confessions of Porter and McMurtry, setting out fully the circumstances of the robbery and the killing of Andrews and the participation of defendant therein. These statements were signed by the respective witnesses and were certified by the official court reporter of the district court. The admission of these statements before the justice of the peace was objected to and exceptions taken to the ruling of the court admitting them. Before his arraignment in the district court defendant filed a motion to quash the information for the reason that the evidence at the preliminary hearing was hearsay, not the best evidence, and there was not sufficient competent evidence to warrant the magistrate in holding defendant for trial. In support of this motion the record of the evidence at the preliminary was introduced, the motion was overruled and exceptions saved, and the ruling assigned as error here.

A preliminary examination, under the provisions of section 11, art. 2, of the state Constitution, is analogous to an investigation by a grand jury. The grand jury upon an investigation has authority to return an indictment which becomes the basis for a prosecution. The magistrate upon a preliminary examination has authority to hold an accused for trial, and when so held for trial and a transcript of his order is filed in the district court, the county attorney is authorized to file an information charging the offense for which accused is held by the committing magistrate. The information so filed then becomes a basis of the prosecution in all respects similar to a charge by indictment. It is sub-

ject to attack in the same manner as an indictment by motion to quash or by demurrer. An investigation by a grand jury or a preliminary examination by a magistrate is not a trial, and the rules of evidence are not applied as rigidly as in the trial of a case before the court.

The signed confession of Porter was certainly admissible against him, and the signed confession of McMurtry was admitted without objection as to Porter and may be said to be admissible as to him. There is no question of the sufficiency of the evidence in the preliminary as to Porter. As to defendant the committing magistrate had competent evidence that Andrews was unlawfully killed. He had competent evidence of the fact that Porter and McMurtry, jointly charged with defendant, had each made a written and signed confession admitting their participation in the killing. In order to warrant the magistrate in holding defendant for the action of the district court, it is only required that it appear that a public offense has been committed, and that there was sufficient cause to believe defendant guilty of an offense. Section 2495, Comp. Stat. 1921. This court, in Ex parte Miller, 29 Okla. Cr. 301, 233 P. 775, said:

"In a preliminary examination it is not necessary that the evidence upon which the accused is bound over for trial be sufficient to support a conviction. Under the statute (section 2497, Comp. Stat. 1921) it is enough if it is shown that an offense was committed and that there is sufficient cause to believe the defendant guilty thereof.

"In an examination of a complaint against Aaron Burr before Chief Justice Marshall, sitting as a committing magistrate, he said: 'On an application of this kind, I certainly should not require that proof which would be necessary to convict the person to be committed, on a trial in chief; nor should I even require that which should absolutely convince my own mind of

the guilt of the accused; but I ought to require, and I should require, that probable cause be shown; and I understand probable cause to be a case made out by proof furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it.' 1 Burr's Trial, 12 F. Cas. No. 14692a."

We think the committing magistrate was not required to ignore the fact of a confession by the codefendants, nor the contents of such confession implicating the defendant in the murder of Andrews, particularly where the defendant did not testify and offered no testimony at the preliminary. The facts proved with the inferences arising therefrom constitute sufficient cause for the magistrate to believe defendant guilty of the crime of murder. However, as a matter of sound practice, the county attorney should have produced further evidence which plainly he could have produced without difficulty. If he did not so do on his own volition, the committing magistrate should have required him to do so.

Complaint is next made that the court erred in overruling the challenge for cause to certain jurors. The point, however, is not stressed and an examination of the record discloses that the jurors are not disqualified under section 2678, Comp. Stat. 1921, and under the rule frequently announced by this court.

It is next argued that there is not sufficient corroboration of the testimony of the accomplice and not sufficient competent evidence to sustain the judgment. The testimony of the accomplice, McMurtry, is in substance that on the day of the murder he went to Yale in the forenoon with Raymond Porter and the defendant; that he bought some groceries there, and after taking these home he returned to Yale and from there he and Porter

and defendant, McCurdy, drove to Mehan, arriving there just about dark; that when they first drove into Mehan, Porter got out of the car and went into Mr. Axtell's store to see which store contained the post office because they did not want to rob that, and Porter stated he would ask for some tobacco or about a train or something like that as an excuse for coming to the store. After a short stop on the street of Mehan they drove west a little way, then turned around and came back by the railroad track at the edge of town and got out of the car; that he got a rifle out of the car and walked with Porter and the defendant to the store of Andrews; there he went past the door while the others went inside; that a truck was in the street near the store. Soon he heard three shots inside the store and saw McCurdy and Porter run out, and all three went to the car and drove to his place. On the way there McCurdy said he had lost a pistol, referring to one formerly owned by McMurtry and by him taken from the possession of O. J. Smith and sold to Porter. He further said that McCurdy told him to see O. J. Smith and tell him not to know that pistol if he ever saw it again, and that he did see Smith and gave him that message. McMurtry further testified that defendant had owned a 45 Bizley model pistol which he bought at Cushing, in his presence, not long before at a gunshop.

There are various corroborating circumstances of the evidence as to the commission of the murder and the details leading up to it. Some of these will be noticed. Francis Main testified that she walked by and saw the parked car near the railroad track at the time and place detailed by McMurtry. Betty Lewis testified as to the number of men, the number of shots, and that one man of the party remained outside the store with a rifle; also as to the truck in the street. O.

C. Townsend also testified as to the truck in the street, and that he saw the car where Betty Lewis was; also as to three men, the rifle, the approach to the store, and the shots. The testimony of this witness also tends strongly to corroborate McMurtry in reference to Porter going into Axtell's store for tobacco. Francis Tully corroborates some details, as to Herman Axtell and C. P. Booth. As to the testimony of the accomplice that he procured a gun from O. J. Smith and sold it to Porter, he is in some particulars corroborated by O. J. Smith and Mrs. Smith and by Ed Johnson and Mrs. Ed Johnson. Johnson and wife testify that Porter and McMurtry and defendant were present and Porter bought the pistol from McMurtry on March 28, the killing occurred on April 11, following. He identified the pistol found in Andrews store as the one sold by McMurtry to Porter. Roy Hilton testified that between March 8 and 12, he sold a Bizley model 45 Colt's to defendant, and he identified the pistol taken from defendant at the time of his arrest as this pistol. Several other witnesses corroborate him. D. L. Irwin testified as an expert that the bullet that killed Andrews was from a 45-caliber gun with rifling similar to the gun of defendant. The accomplice had testified that this was the gun used in killing Andrews. There are various incidental incriminating items, separately not particularly strong, but when grouped together they present material points of corroboration of the testimony of McMurtry.

The law in reference to the corroboration of an accomplice has been considered and stated by this court in many decisions. It is said that, where the corpus delicti is well proved and there is competent evidence independent of that of the accomplice showing the actual commission of the crime, which tends to connect the defendant with the commission thereof, the suf-

ficiency of such corroboration is a question for the jury. Martin v. State, 12 Okla. Cr. 510, 159 P. 940; Moody v. State, 13 Okla. Cr. 327, 164 P. 676.

It is not necessary that the corroborating evidence connect the defendant with the offense; if it tends to do so, it is sufficient. Alderman v. Ty., 1 Okla. Cr. 562, 98 P. 1026.

It is not necessary to review the authorities. We think there is sufficient corroboration of the testimony of McMurtry to carry the case to the jury and that the weight and sufficiency is for the jury.

The defendant next argues that instruction No. 12 is prejudicially erroneous. This instruction states correctly the law as to the testimony of an accomplice, defines an accomplice, and informs the jury that McMurtry is an accomplice, and that the jury must find that his testimony has been corroborated by such other evidence as tends to connect the defendant with the commission of the offense. Then this language is used:

"* * * The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof, but there must be evidence which within itself, without aid from the accomplice's testimony, tends to connect defendant with the offense committed. The corroborating evidence is sufficient, although by itself slight, if it connects the defendant with the commission of the offense, and it need not corroborate the whole testimony of the accomplice, and if you find the testimony of the accomplice has been corroborated under this rule, then it is sufficient for you to consider the testimony of such accomplice and determine whether the defendant is proved guilty or otherwise."

The defendant argues that the use of the word "slight" is improper; that, in effect, there may be slight corroboration, and the evidence yet not be suffi-

cient. The court does not tell the jury that slight corroborating evidence is sufficient to warrant a conviction, but tells them there must be corroboration of the testimony of the accomplice tending to connect defendant with the commission of the offense before it can be considered, and if they find there is such corroboration then they may consider the testimony of the accomplice. We do not approve this part of the instruction, but the inaccuracy is more technical than real, and, considered in the light of the testimony in the case and all the instructions together, we think it could not have injured the defendant.

Some objection is also directed at the court's instruction No. 17½ which states, in substance, that the going under an assumed name in certain contingencies might be considered in evidence as a circumstance. The record does not disclose that any exception was taken to this instruction. If erroneous the error is not fundamental. Schiffner v. State, 28 Okla. Cr. 290, 230 P. 274; Inman v. State, 22 Okla. Cr. 161, 210 P. 742; Hess v. State, 9 Okla. Cr. 516, 132 P. 505.

Complaint is also made that there was misconduct in the argument of counsel for the state which prevented defendant from having a fair trial. Under this assignment various statements from the argument of counsel are set out. A number of these are directed to that point of the argument of counsel enumerating the various items of corroboration of the accomplice as viewed from the standpoint of the state. It is insisted that several of these misstate the evidence and are unfair deductions. We have examined these with care, and, while they state the extreme view of the state and draw the strongest deductions the evidence will warrant, we cannot say that they are unfair or constitute misconduct.

Exceptions are then taken to the argument of counsel in commenting on the failure of defendant to call his wife as a witness. Numerous authorities are cited supporting the view that such comment constitutes improper argument. In this state, however, the rule is different. It has several times been held by this court that where the wife of a defendant in a criminal case might be a material witness in his behalf and she is not placed upon the stand by him, nor her absence accounted for, the failure to produce her as a witness to testify is a legitimate matter for comment in the argument of the case. Wissinger v. State, 39 Okla. Cr. ——, 264 P. 631, and authorities there cited. See, also, 1 Wigmore, § 285. We think the rule announced by this court is proper and adhere to it.

In some instances the argument complained of appears not to have been objected to, and in no instance was there any request that the court withdraw any argument from the consideration of the jury.

Upon a consideration of the entire record, it appears to us that the jury could have arrived at no other verdict than that of the guilt of the defendant, and, while there are some irregularities and errors in the record, none of them are fundamental in character nor so materially prejudicial as to require a reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.