## CLARENCE LYON v. STATE.

No. A-8604. Jan. 5, 1934.

(28 Pac. [2d] 598.)

Percy Powers and Williams & Sasseen, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, referred to in this opinion as the defendant, was convicted of rape in the first degree, and sentenced to serve a term of 15 years in the state penitentiary at McAlester, and appeals.

An examination of the record shows that the testimony is sufficient to sustain the conviction and the judgment should be affirmed unless it is shown by the record that some error was committed in the trial of the case sufficient to warrant a reversal.

The defendant pleaded insanity; a jury was impaneled and returned a verdict finding the defendant sane.

The defendant has assigned eight errors alleged to have been committed in the trial of his case. In his brief there is only one question argued. The defendant filed a motion in the district court to quash the information, on the ground that he had not had a preliminary trial, and that there was not sufficient evidence in the record upon which to predicate the information in the district court. In his brief the defendant states that he did not take the witness stand, and only introduced other witnesses to support his defense of insanity, and confines his argument to the one assignment:

"That the district court of Greer county erred in overruling his motion to quash the district information."

The defendant in presenting his argument on the question of his motion to quash the information presents a transcript of the testimony taken in the preliminary trial held by the examining magistrate. In the minutes of the proceedings, among other things, it is stated: "Defendant was duly and regularly brought before me and

informed of the nature of the charge against him, his right to aid of counsel, change of venue, and his right to waive examination. Defendant waived examination."

The minutes of the examining magistrate further shows that on the 9th day of July, 1932, the magistrate began the examination by reading to the defendant the complaint, and examined a number of witnesses in support of said complaint, and after hearing the testimony found that an offense had been committed, and that there was probable cause to believe the defendant had committed the offense. As shown by the record the defendant was present in person and by counsel, and the record of the preliminary examination was filed in the district court before the information upon which the defendant was tried was filed.

It is urged by the defendant that his motion is well taken and should have been sustained by the trial court. Section 17, art. 2, of the Constitution of Oklahoma, is as follows:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Section 2446, C. O. S. 1921, now section 2755, Okla. Stat. 1931, is as follows:

"When a complaint, verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, issue a warrant of arrest."

Under the statute, if in a preliminary hearing before a committing magistrate there is testimony sufficient to cause the magistrate to believe that an offense has been committed, and that there is reasonable grounds to believe that the defendant has committed the offense, it is the magistrate's duty to hold the defendant for trial. In this case the record recites that the defendant waived an examination, but it also recites and shows that the defendant was present in person and by counsel, and that his counsel took part in the preliminary trial by cross-examining the witnesses and interposing objections to the rulings of the court.

A preliminary examination before a magistrate is not a trial, and rule of evidence is not applied as rigidly as in a trial before a court. When in such preliminary examination the commission of a crime is shown and there is reasonable cause for the magistrate to believe the defendant guilty thereof, it is the duty of the magistrate to hold the defendant for trial.

In Sayers v. State, 10 Okla. Cr. 195, 135 Pac. 944, 946, this court said:

"It was settled by this court in Wines v. State, 7 Okla. Cr. 450, 124 Pac. 466, that if on being brought before the examining magistrate the defendant waives his right to a preliminary examination, and it appears that the charge in the preliminary complaint is substantially the same as that charged in the information filed by the county attorney in the district court, a plea of want of a preliminary examination is unavailing."

An examination of the record in this case shows that the preliminary complaint charges the defendant with the same crime as the information. In Ponosky v. State, 8 Okla. Cr. 116, 126 Pac. 451, this court held that the state

is not barred from holding an examination, even though the defendant waives his right thereto. It has been the universal holding of this court, even though the defendant may waive a preliminary examination, the state has the right to hold one and have its testimony recorded. Haley v. State, 20 Okla. Cr. 145, 200 Pac. 1009; McCurdy v. State, 39 Okla. Cr. 310, 264 Pac. 925.

The record clearly shows that a preliminary examination was held, and that the motion of the defendant to quash the information was properly overruled. There are no errors in the record to justify a reversal.

The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.