STATE of Oklahoma ex rel. James WOODARD, Petitioner,

v.

Hon. John Q. ADAMS, Judge of the Twelfth Judicial District of the State of Oklahoma, composed of Rogers, Craig and Mayes Counties, Respondent.

No. A–13656.

Court of Criminal Appeals of Oklahoma.

March 24, 1965.

BRETT, Judge.

This is an action in which the petitioner, James Woodard, is asking this Court to

assume original jurisdiction, and to issue a writ of prohibition against the Hon. John Q. Adams, District Judge for the Twelfth Judicial District, including Craig County, Oklahoma, to prohibit him from further hearing a criminal charge against James Woodard for second degree burglary.

The preliminary hearing was held October 8, 1964 before Justice of the Peace I. E. (Pat) McNelis, in case No. A–6499, Craig County. After hearing the evidence, the magistrate bound the defendant over for trial before the district court.

On October 21, 1964 the county attorney filed in the district court an information alleging the crime of second degree burglary against the defendant, who is the petitioner in this action for a writ of prohibition.

Some time thereafter the defendant filed his motion to quash the information in the district court, which motion was accompanied by a copy of the transcript of the testimony taken at the preliminary hearing. The motion urged that the charges be dismissed, and the defendant be discharged, under the provisions of Title 22, O.S.A. § 262.

On January 7, 1965 the district judge denied the defendant's motion, defendant entered a plea of "not guilty", and the judge set the trial for March 22, 1965. On March 19, 1965 the petitioner filed with this Court his application and petition for a writ of prohibition.

Insofar as the transcript of the testimony taken at the preliminary hearing was filed with the application and petition, we have reviewed such transcript.

This Court stated in State v. Harris, 44 Okl.Cr. 116, 279 P. 925:

"A preliminary examination, under the provisions of section 17, art. 2, of the state Constitution, is analogous to an investigation by a grand jury. The grand jury upon an investigation has authority to return an indictment which becomes the basis for a prosecution. The magistrate upon a preliminary examination has authority to hold an ac-cused for trial, and when so held for trial and a transcript of his order is filed in the district court, the county attorney is authorized to file an information charging the offense for which the accused is held by the committing magistrate. The information so filed then becomes a basis of the prosecution in all respects similar to a charge by indictment. It is subject to attack in the same manner as an indictment by motion to quash or by demurrer. An investigation by a grand jury or a preliminary examination by a magistrate is not a trial, and the rules of evidence are not applied as rigidly as in the trial of a case before the court."

(See also McCurdy v. State, 39 Okl.Cr. 310, 311, 264 P. 925).

In the State v. Harris case, supra, this Court said further:

"A motion to set aside an information on the ground that the proof offered at the examining trial is insufficient to establish the commission of the crime charged is addressed to the sound discretion of the trial court."

And see State v. Bell, 13 Okl.Cr. 664, 166 P. 451.

■ It is the general rule that in order for the magistrate to hold one charged for action in the district court, it is only necessary for the prosecution to show that a public offense has been committed, and that there is sufficient cause to believe the defendant committed the offense. When such is sufficiently shown to the examining magistrate, he is justified in binding the defendant over for trial in the district court, where the commission of a felony is alleged. See Taylor v. State, 96 Okl.Cr. 1, 247 P.2d 749.

There can be no doubt that this petitioner did receive a proper preliminary hearing. From the action of the justice of the peace in binding this defendant over for trial in the district court, it is reasonable to believe that he was convinced that a public offense had been committed, and that there was sufficient cause to believe that this defendant

committed the offense. We do not choose to go into the sufficiency of the testimony taken at that preliminary hearing, at this moment. We believe, however, that this action before this Court is premature, and that the defendant is attempting to cover matters that should more properly be brought before the Court on appeal.

■ We do not agree with the petitioner that the district court of Craig County lacks jurisdiction to try this defendant. The Twelfth Judicial District Court does have jurisdiction, and it appears that the information has been properly filed. Such being the case, insofar as this writ is concerned, the rule laid down by this Court in State ex rel. Waters v. Lackey, 97 Okl.Cr. 41, 257 P.2d 849, is applicable:

"Writ of prohibition may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction."

And see Burns v. District Court of Oklahoma County, Okl.Cr., 335 P.2d 923.

■ Since the matters preceding the ruling on the motion to quash appear to be proper; and since the ruling on the said motion is within the discretion of the district court before whom it is filed; and since this is a matter which more properly should be brought before this Court on a direct appeal, the application and petition for writ of prohibition must be dismissed.

Therefore, the application and petition filed by James Woodard for a writ of prohibition is dismissed, without further hearing.

BUSSEY, P. J., and NIX, J., concur.