**Bob ARNOLD, Petitioner,**

**v.**

**DISTRICT COURT OF POTTAWATOMIE COUNTY, State of Oklahoma, and Honorable George Van Wagner, Special Judge, Respondents.**

**No. A–15395.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1969.

Don Hamilton, Hamilton & Carson, Oklahoma City, for petitioner.

John L. Clifton, Dist. Atty., Pottawatomie County, for respondents.

## MEMORANDUM OPINION

PER CURIAM.

This is an original proceeding in which Bob Arnold has petitioned this Court for a Writ of Prohibition to prohibit the District Court of Pottawatomie County, Oklahoma, from proceeding to conduct a preliminary examination in Case No. CRF 69–110, in which the petitioner has been charged with the offense of indecent exposure. A rule to show cause was issued and in response, the State filed a motion to dismiss. The petitioner and respondents were ordered to submit briefs in support of their positions and the same have been received and considered by the Court.

It appears that at the time petitioner's case came before the District Court of Pottawatomie County for preliminary examination before the Honorable George Van Wagner, Special Judge, on June 9, 1969, the petitioner by counsel, Mr. R. Michael Cantrell, waived examination and agreed to be bound over to the District Court for trial. The State, by District Attorney, Mr. John L. Clifton, declined to waive preliminary examination and the examining magistrate ruled against waiver of the preliminary examination and was prepared to hear the evidence of the State. On motion of the petitioner, the examining magistrate then adjourned the preliminary examination in order that petitioner might file with this Court for a Writ of Prohibition.

The issue presented in this application is whether an affirmative waiver by an accused of the right to a preliminary examination operates to preclude conducting of such a hearing when the State does not wish to waive the preliminary examination.

In Lyon v. State, 55 Okl.Cr. 226, 28 P.2d 598 (1934), this Court held:

"It has been the universal holding of this court, even though the defendant may waive a preliminary examination, the state has the right to hold one and have its testimony recorded. Haley v. State, 20 Okl.Cr. 145, 200 P. 1009; McCurdy v. State, 39 Okl.Cr. 310, 264 P. 925."

After a review of these proceedings and the appropriate law, we are unaware of any authority which has expressly rejected the ruling of this Court in Lyon v. State, supra, or which impliedly would require reconsideration of the decision rendered

therein. It is true that a number of decisions of this Court have held that a preliminary examination is in the "nature of a personal privilege for the benefit of the accused which may be waived by him." Flowers v. State, 96 Okl.Cr. 191, 251 P.2d 530 (1952). However, the reasoning in these cases is that an accused must exercise this personal privilege or he will waive the right to such. The Oklahoma Constitution, Article II, Section 17, provides in part:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before a magistrate, or having waived such preliminary examination."

We find no constitutional infirmity if a preliminary examination is held although the defendant attempted to waive such. There is nothing in any case that we can find which suggests that waiver of the preliminary examination by the accused precludes the conducting of such. Nor do we find anything in the brief of the petitioner which would require a holding to that effect. Accordingly, having carefully considered all the issues raised herein, we are of the opinion that the petitioner has failed to sustain his burden and that the motion to dismiss by the State should be sustained.

This application was referred to the Court Referee, Mr. Penn Lerblance, and his findings and conclusions of law set forth herein, after careful consideration, have been adopted by Presiding Judge Brett and Judge Bussey.

It is therefore ordered, adjudged and decreed that the petition for a Writ of Prohibition be denied.

NIX, Judge (dissenting).

In my opinion, the preliminary hearing was created for the sole benefit of the defendant. It stood between him and a malicious prosecutor. It gave to the Defendant the right to have a hearing to ascertain whether or not the charge is meritorious or maliciously promulgated for hate, revenge, or malice. The Constitution (Article 2, § 17) provides that:

"No person shall be prosecuted for a felony by information without having had a preliminary examination [1] before a magistrate, or having waived such preliminary examination."

It makes no provision for the State to have a preliminary and I see no need for one, as the State should be satisfied with the facts before they file charges. If defendant waives the preliminary he agrees that it may proceed to District Court upon its merits, and waives the right to question the validity of the charge at the magistrate level, thereby permitting the District Court to acquire jurisdiction where it may be determined upon its merits.

I fail to comprehend any reason or justification for the State to have a preliminary to hear what they should already know before filing a charge against anyone. Therefore, I cannot agree with my learned associates.

---

1. [to ascertain whether or not there is just cause for the charge.]