950 P.2d 818

**STATE of New Mexico ex rel. Alan E. WHITEHEAD, Eleventh Judicial District Attorney, Petitioner–Appellee,**

v.

**The Honorable Carla VESCOVI–DIAL, San Juan County Magistrate, Division I, Respondent,**

and

**Cayetano Zamarron, Real Party in Interest, Defendant–Appellant.**

No. 17715.

Court of Appeals of New Mexico.

Oct. 23, 1997.

Certiorari Denied Dec. 15, 1997.

Tom Udall, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, for Petitioner–Appellee.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

BOSSON, Judge.

1. Article II, Section 14 of the New Mexico Constitution provides an accused with a right to a preliminary examination before a magistrate to determine whether there is probable cause to be bound over for trial. This appeal questions whether the state has a similar right to insist upon a preliminary examination if it has been waived by the

accused. In an issue of first impression in New Mexico, we hold that the Constitution grants the state no such right, and we reverse.

BACKGROUND

■ 2. In February 1996, Defendant, Cayetano Zamarron, was arrested on charges of first-degree murder, conspiracy to commit murder, conspiracy to commit fraud, and attempted fraud. A preliminary examination was scheduled, but after conferring with his attorney, Defendant waived preliminary hearing. On April 17, Magistrate Judge Vescovi–Dial bound Defendant over to district court without conducting a preliminary hearing and over the prosecutor's objections. Two days later, the State filed a petition for a writ of mandamus to compel the magistrate to conduct a preliminary examination notwithstanding Defendant's waiver. The district court agreed with the State and issued a peremptory writ of mandamus ordering the magistrate to conduct a preliminary examination in Defendant's criminal case. Defendant appeals from the writ. We note that this Court has jurisdiction over direct appeals from the issuance of a peremptory writ of mandamus. *See* NMSA 1978, § 44–2–14 (1953); *State ex rel. Pilot Dev. Northwest, Inc. v. State Health Planning & Dev. Bureau,* 102 N.M. 791, 797–98, 701 P.2d 390, 396–97 (Ct.App.1985) (holding Court of Appeals has jurisdiction to hear mandamus appeal).

DISCUSSION

■ 3. The New Mexico Constitution, in Article II, Section 14, provides for a preliminary examination as follows:

No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies .... No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.

■ 4. The state's problem is immediately apparent. The Constitution grants the accused an express, enforceable right to a preliminary examination as a condition to being "so held on information." But the Constitution does not grant a comparable right to the state and, in fact, is silent on the subject. Yet in this case, the district court granted a writ of mandamus which is designed to compel a clear-cut mandatory duty of a public official, despite the complete absence of any such duty in the Constitution. *See* NMSA 1978, § 44–2–4 (1953); *Schreiber v. Baca,* 58 N.M. 766, 770, 276 P.2d 902, 905 (1954) (writ of mandamus limited to enforcement of a clear, mandatory, and ministerial duty by a public official). *See generally* Charles T. Dumars & Michael B. Browde, *Mandamus in New Mexico,* 4 N.M. L.Rev. 155 (1974). Merely as a matter of the proper use of the writ of mandamus, this case appears problematic at best. However, whatever procedural reservations we may harbor, we will proceed to answer the important question put to us: whether the state has an independent right to compel a preliminary examination over the defendant's waiver.

■ 5. The primary purpose of the preliminary examination is to provide an independent evaluation of whether the state has met its burden of demonstrating probable cause. *State v. Masters,* 99 N.M. 58, 59, 653 P.2d 889, 890 (Ct.App.1982) (the only issue at a preliminary hearing is whether probable cause exists to believe defendant committed the offense); *see also* Rule 5–302, NMRA 1997 (preliminary examination in district courts); Rule 6–202, NMRA 1997 (preliminary examination in magistrate courts). The examining magistrate must determine if there is probable cause to believe that the defendant committed the offense and should be bound over for trial. *State v. Vallejos,* 93 N.M. 387, 388–89, 600 P.2d 839, 840–41 (Ct. App.1979).

6. This view of the primary purpose of the preliminary examination is echoed elsewhere. Professor LaFave notes that a preliminary examination operates as a screening device to prevent hasty and unwise prosecutions and to save an innocent accused from the humiliation and anxiety of a public prosecution. 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 14.1(a) (1984)

(citing to *Thies v. State,* 178 Wis. 98, 189 N.W. 539, 541 (1922)). Although the primary purpose is determining probable cause, Professor LaFave also concedes that there are collateral purposes for a preliminary examination as well. For example, the preliminary hearing legitimately may provide an opportunity for discovery by either side; it may help a party in preparation for future impeachment; it also may be used to perpetuate testimony for later use at trial. LaFave, *supra,* § 14.1(b), (c), and (d). *See generally* Kenneth Graham & Leon Letwin, *The Preliminary Hearing in Los Angeles: Some Field Findings and Legal-Policy Observations,* 18 UCLA L.Rev. 916 (1971) (collateral functions of the preliminary hearing).

■ 7. In the case before us, the State must base its right to a preliminary hearing on just such a collateral purpose because Defendant has conceded probable cause by waiving the preliminary examination. The State claims a need to preserve testimony of certain key witnesses who may not be available to testify in person at trial. The State correctly observes that our courts have acknowledged that preservation of testimony is a legitimate use of a preliminary examination. *See State v. Gonzales,* 113 N.M. 221, 226, 824 P.2d 1023, 1028 (1992); *State v. Massengill,* 99 N.M. 283, 284, 657 P.2d 139, 140 (Ct.App.1983) ("One purpose of the preliminary hearing in New Mexico is to preserve testimony."); *cf. State v. Burk,* 82 N.M. 466, 468, 483 P.2d 940, 942 (Ct.App.1971) ("Discovery, however, is not the object of a preliminary hearing."). In *Gonzales* and *Massengill,* however, the defendants did not waive preliminary examination; the question before the court was how the state could use the transcript of the hearing that had already been completed. Those cases do not support the proposition that the state can compel such a hearing over the defendant's waiver.

8. The express reference in the Constitution to the accused "having waived" preliminary examination creates a significant problem for the State because there is no mention of a companion right in the state to a similar waiver, or even to a right of concurrence in the defendant's waiver. Unlike New Mexico, most of the State's out-of-state authorities have either constitutional or statutory provisions empowering the prosecution to proceed with an examination after waiver by the accused. *See, e.g., People ex rel. Daley v. Moran,* 94 Ill.2d 41, 67 Ill.Dec. 790, 793, 445 N.E.2d 270, 273 (1983) (citing to state statute entitling prosecutor to demand preliminary examination in the event of waiver by defendant); *State v. Marchetti,* 247 La. 649, 173 So.2d 531, 536 (1965) (citing statute stating "'[e]ither the state or the defendant shall have the right to demand a preliminary examination'" (quoting LSA-R.S. 15:154)); *People v. Wilcox,* 303 Mich. 287, 6 N.W.2d 518, 521 (1942) (stating that the criminal code provided that both the state and the accused shall be entitled to prompt examination); *People v. Albero,* 119 Misc. 339, 196 N.Y.S. 484, 485–86 (1922) (citing criminal code as allowing the taking of testimony over the defendant's waiver of a preliminary examination); *Porch v. State,* 51 Tex.Crim. 7, 99 S.W. 1122, 1123–24 (1907) (citing a provision of the criminal code expressly authorizing an examining magistrate to proceed with a preliminary examination); *State v. Hoben,* 36 Utah 186, 102 P. 1000, 1006 (1909) (citing a constitutional requirement that the state consent to waiver of preliminary examination).

9. The best the State can do is cite to what it agrees is dictum in *State v. Melendrez,* 49 N.M. 181, 191, 159 P.2d 768, 775 (1945) (alteration in original), quoting in turn from a 1909 Kansas case, *State v. Pigg,* 80 Kan. 481, 103 P. 121, 122 (1909) to the effect that "'The right of the state to introduce evidence at a preliminary examination cannot be defeated by the accused waiving an examination.'" However, the issue before our Supreme Court in *Melendrez* was not whether the state could compel such a purported right over an accused's waiver, and the Supreme Court did not discuss the matter. We find the Kansas discussion equally unenlightening with respect to the issue before us. We note that the defendant's right to waiver was not expressly provided for by law, either in statute or constitution, *see Pigg,* 103 P. at 123, and our research further reveals that today, a Kansas defendant has a statutory right to a preliminary examination while the "State has no such right." *State v. Trudell,* 243 Kan. 29, 755 P.2d 511, 518 (1988).

10. The State does refer this Court to comparable language in the constitution of the State of Oklahoma which provides that "[n]o person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." Okla. Const. art. II, § 17. Oklahoma case law holds that a defendant's waiver of an examination is not a barrier to the prosecution proceeding with its own examination as long as the state constitution does not specifically prohibit the prosecution from doing so. *See Lyon v. State,* 55 Okla. Crim. 226, 28 P.2d 598, 599 (1934); *Haley v. State,* 20 Okla.Crim. 145, 200 P. 1009, 1010 (1921). The State urges this position on New Mexico.

11. We agree that it is reasonable to look to other states with similar provisions in their Constitutions. *See* 2B Norman J. Singer, *Statutes and Statutory Construction,* § 52.04 (5th ed.1992) (constitutional provisions of other states). However, we do not find the Oklahoma case law persuasive. The Oklahoma courts advance no overriding principle in support of their approach other than to aid the prosecution in investigating its case. *Haley,* 200 P. at 1010. In the instant matter, the State makes no persuasive argument that a preliminary examination is necessary to the development of its case, and unlike Oklahoma, we are not inclined to infer such a right in the state merely because the Constitution does not prohibit it. *See In re Generic Investigation into Cable Television Servs.,* 103 N.M. 345, 349, 707 P.2d 1155, 1159 (1985) ("If a statute makes sense as written, a court will not read words into it which are not present. This rule of statutory construction is equally applicable to constitutional provisions." (citation omitted)). Ironically, we are more persuaded by an Oklahoma dissent in *Arnold v. District Court of Pottawatomie County,* 462 P.2d 335, 336 (Okla.Crim.App.1969) (Nix, J., dissenting), which argues that the preliminary hearing was created to protect the accused from prosecutorial abuse and that as a personal right of the accused it can be waived whether or not the state objects.

12. We believe the New Mexico Constitution provides in a similar fashion for a preliminary examination as a right which is personal to the accused, for his or her benefit, and accordingly one which is waivable in its entirety by the defendant and not enforceable independently by the prosecution. The preliminary examination is more than just a rule of procedure available to either side in a dispute. It is included in the Bill of Rights section of the New Mexico Constitution. The proviso stands shoulder to shoulder with the most basic guarantees of individual liberty *against* the power of the state, such as the right of self-government (art. II, § 3), the right to life, liberty and property (art. II, § 4), the right of habeas corpus (art. II, § 7), the right to bear arms (art. II, § 6), the freedom of elections (art. II, § 8), and the freedoms of speech, press, and religion (art. II, §§ 11, 17). Even within Article II, Section 14 itself, in addition to providing for an accused's right to a preliminary hearing, the Constitution guarantees in the same breath an accused's right to appear and defend, the right to counsel, the right to confrontation, and the right to a speedy and impartial trial by jury. Simply put, these are not mere matters of procedure to be utilized by either side as they see fit. They are guarantees of liberty to be invoked by the accused in a criminal prosecution, as the accused sees fit. *See State ex rel. Clark v. Johnson,* 120 N.M. 562, 570, 904 P.2d 11, 19 (1995) (" '[S]tate constitutions are not grants of power to the legislative, to the executive and to the judiciary, but are limitations on the powers of each.' " (quoting *State ex rel. Hovey Concrete Prods. Co. v. Mechem,* 63 N.M. 250, 252, 316 P.2d 1069, 1070 (1957), *overruled on other grounds by Wylie Corp. v. Mowrer,* 104 N.M. 751, 726 P.2d 1381 (1986))); *cf. State v. Alingog,* 117 N.M. 756, 760, 877 P.2d 562, 566 (1994) ("While the state does not have the fundamental rights granted an individual under the Bill of Rights and the Due Process Clause, application of the doctrine of fundamental error to avoid a miscarriage of justice well may be available to the state."). Thus, the context of the preliminary hearing proviso, both within Article II, Section 14 and within the common understanding of what is meant by a Bill of Rights section to a consti-

tution, provides us additional comfort in the correctness of our decision not to read into the Constitution that which is clearly not there.

13. We are made all the more secure in our view by reference to the New Mexico Rules of Criminal Procedure. The State claims a right to a preliminary examination as a method of preserving testimony for trial, and historically that may have been the best or even the only means available to do so. *See Pigg*, 103 P. at 122 (quoting an even older Louisiana decision that, at least at that time, a preliminary examination was "the best and most practical way" for the state to preserve testimony). However, for many years now, the prosecution, upon the order of the court, has been able to use pre-trial depositions in criminal cases to achieve this same purpose. *See* Rule 5–503(B), NMRA 1997; *State v. Herrera*, 92 N.M. 7, 14, 582 P.2d 384, 391 (Ct.App.1978). In civil litigation, depositions have served well all parties to the judicial system, and they are regularly available for use at trial in lieu of live testimony. *See* Rule 1–032(A), NMRA 1997. The State offers no convincing rationale why its legitimate need to preserve testimony cannot be satisfied by this same time-tested technique. We note that the State made no effort in the case below even to apply to the district court for depositions, nor, in the alternative, did the State offer any facts or argument below why depositions could not have served this identical purpose.

14. The State tries to argue from a footnote in *Gonzales*, 113 N.M. at 226 n. 2, 824 P.2d at 1028 n. 2, that a deposition and a preliminary hearing are merely alternative resources at the prosecution's disposal and that the state can utilize either, at its discretion, to preserve testimony. We agree that our Supreme Court approved the use of either procedure for the purpose of preserving testimony. In *Gonzales*, 113 N.M. at 226, 824 P.2d at 1028, the Court specifically declined to limit the prosecutor's use of preliminary examination testimony, which had already been taken, merely because depositions could have been used for the same purpose. However, the Court in *Gonzales* was presented with a preliminary examina-

tion which had already been conducted; the Court did not rule that the state could compel a preliminary hearing over the defendant's waiver when depositions were equally available to achieve the same purpose. Thus, we believe *Gonzales* fully supports our holding today.

15. Finally, absent persuasive reasons to the contrary, we are inclined to interpret our Constitution conservatively in line with traditional doctrine which states that "when a power, together with the express means of its execution, are constitutionally granted and determined, it is reasonable to infer therefrom that other means of exercising this power were intentionally excluded and should not be permitted or allowed." *Cooper v. Albuquerque City Comm'n*, 85 N.M. 786, 792, 518 P.2d 275, 281 (1974). Without any contrary indication in the Constitution, or any other lawful authority, we are drawn to the conclusion that the right can be invoked, or waived by the accused unilaterally without any concomitant right in the state. This is not to say that the legislature or perhaps our Supreme Court, by statute or court rule, could not create such a right. That is a question we need not consider at this juncture. We only disavow the notion that such a right can be inferred from mere silence in our state's most basic legal document and then mandamus issue to compel its enforcement under the guise of a clear, legal duty. *See State ex rel. Clark*, 120 N.M. at 570, 904 P.2d at 19. " '[≠eply rooted in American Jurisprudence is the doctrine that state constitutions are not grants of power to the legislative, to the executive and to the judiciary, but are limitations on the powers of each. No branch of the state may add to, nor detract from its clear mandate.' " *Id.* (quoting *Mechem*, 63 N.M. at 252, 316 P.2d at 1070).

CONCLUSION

16. We hold that this silence in the Constitution creates no clear, mandatory duty to afford the state a preliminary examination in the face of Defendant's waiver and, therefore, mandamus incorrectly issued to enforce such a purported right in the state. Accord-

ingly, the order granting the writ is reversed and the writ is hereby quashed.

17. **IT IS SO ORDERED.**

PICKARD and FLORES, JJ., concur.