1998 OK CR 35

**STATE of Oklahoma, Petitioner,**

v.

**The Honorable David N. MARTIN, Associate District Judge, Okfuskee County, Oklahoma, Respondent.**

**No. P–98–237.**

Court of Criminal Appeals of Oklahoma.

May 18, 1998.

### ORDER ASSUMING ORIGINAL JURIS- DICTION AND ISSUING WRIT OF MANDAMUS TO MAGISTRATE

¶ 1 This is an original proceeding wherein Petitioner requests this Court to issue a writ of mandamus and/or a writ of prohibition to the above-named Respondent, the Honorable David N. Martin, Associate District Judge, as acting magistrate for the Okfuskee County District Court. Petitioner's matter gives rise to the following question: When a defendant has entered a valid waiver of his right to preliminary hearing, must a magistrate nonetheless permit the State to conduct a preliminary hearing if it so demands? We accept original jurisdiction over Petitioner's requests and answer in the affirmative.

¶ 2 The relevant facts are undisputed. They arise in a criminal prosecution styled *State of Oklahoma, Plaintiff, v. Charles Ned, Defendant,* Okfuskee County District Court, Case No. P–98–237. Defendant is charged by Information with Forcible Sodomy and three counts of Lewd Molestation. The complaining witnesses are ages fourteen and eleven. On January 23, 1998, Defendant's case came on for preliminary hearing before Respondent. Defendant announced that he waived preliminary hearing. The State advised that it wished to proceed with a preliminary hearing despite Defendant's waiver. Respondent continued the preliminary hearing until January 29, 1998, and directed the parties to brief the issue of whether the State could require a preliminary hearing once the same had been waived by a defendant. On January 29, 1998, after briefs had been filed, the parties reconvened and Respondent held Defendant's waiver precluded the State from conducting a preliminary examination. Respondent entered a further order staying his ruling pending the State seeking relief in this Court.

¶ 3 On February 27, 1998, the State, Petitioner herein, filed with this Court an "Application to Assume Original Jurisdiction and Petition for Alternative Writ of Prohibition or Mandamus" (hereinafter *Application*). Petitioner requests issuance of a writ of prohibition to prevent Respondent from proceeding further until the State has been permitted to conduct a preliminary hearing and/or a writ of mandamus to mandate Respondent to permit the preliminary hearing. Petitioner contends the State has "the right to preserve testimony at a preliminary hearing," and that "[i]n no case is this right to preserve testimony more critical to the State than in a case such as the one presented wherein the victims are young and describe acts of sexual abuse." *Petitioner's Application* at 5. The Court has not called for any response nor has Respondent filed one; however, on March 23, 1998, counsel for Defendant, on Defendant's behalf only, did file a pleading in response to the State's Application.

¶ 4 Respondent's decision to deny the State a preliminary hearing rested upon the 1994 amendments to 22 O.S.1991, § 258, and particularly the addition of subsection "Seventh" to the existing statute. (Tr 3). Section 258 is the state statute describing the general procedure for conducting preliminary hearings. The recently added subsection to which Respondent referred states in its entirety: "Seventh: The purpose of the preliminary hearing is to establish probable cause that a crime was committed and probable cause that the defendant committed the crime." Included within the legislative measure which added subsection Seventh were provisions which (1) provided for mutual discovery in criminal proceedings; (2) allowed the State to hold depositions under certain circumstances where previously only defendants were permitted to do so; and (3) required magistrates to terminate preliminary hearings whenever the State had established probable cause. 1994 Okla.Sess.Laws, ch. 292.[1]

---

**1.** The concurrent enactment of the Oklahoma Criminal Discovery Code and the amendments to preliminary and deposition procedures is a circumstance which this Court has previously recognized as bearing on the legislative intent of this session law. *See Reupert v. State,* 1997 OK CR 65, ¶ 9, 947 P.2d 198, 201. Just as Respondent indicated he was basing his decision on "the

¶5 Article II, Section 17, of the state Bill of Rights [2] created the preliminary examination "to prevent a person from becoming the victim of an unjust and malicious prosecution" by requiring it to be first "ascertain[ed] whether there is just cause for defendant to stand trial." *Beaird v. Ramey*, 1969 OK CR 195, ¶7, 456 P.2d 587, 589.[3] But before the state Bill of Rights and even before the time of statehood in 1907, the Legislative Assembly of the Territory of Oklahoma had provided for preliminary examinations. O.S.1890, § 5434. The Assembly would also enact provisions for the manner in which the magistrate was to conduct the preliminary examination and, if sufficient cause were shown, hold the defendant to answer for those offenses established during the course of the examination. *See* O.S. 1890, §§ 5432–5457.[4]

¶6 Several of these early provisions concerned the preservation of testimony given at preliminary hearings, and such provisions are today still found within our laws. *See* 22 O.S.1991, § 257, & O.S.1890, § 5438 (magistrate must "issue subpoenas for any witnesses required by the prosecutor or the defendant"); 22 O.S.Supp.1997, § 258 (First), & 1895 Okla.Sess.Laws ch. 41, § 1 [p. 187] ("[o]n the request of the district attorney, or the defendant,[5] all the testimony must be reduced to writing"); 22 O.S.Supp.1997, § 258 (Second), & 1895 Okla.Sess.Laws ch. 41, § 1 [p. 188] ("district attorney may, on approval of the county judge or the district judge, issue subpoenas in felony cases and call witnesses before him and have them sworn and their testimony reduced to writing");[6] 22 O.S.1991, § 260, & O.S.1890, § 5441 ("magistrate or his clerk must keep the depositions taken on the examination"); and 22 O.S.1991, § 276, & O.S.1890, § 5457 ("[w]hen a magistrate has discharged a defendant, or has held him to answer, he must return immediately to ... the district court of the county, the warrant, if any, the complaint,[7] the depositions, if any have been taken, of all the witnesses examined before him ... together with a certified record of the proceedings as they appear on his docket").

¶7 The statute granting a magistrate authority to bind a defendant over for trial upon any public offense for which sufficient cause has been presented at the preliminary examination is 22 O.S.1991, § 264—a statute also having origins that predate statehood. O.S.1890, § 5445. This function of the magistrate's office in hearing evidence and deciding if a defendant should be tried for a particular offense has been analogized to that

amendments enacted by the Oklahoma Legislature" (Tr. 3), we, too, consider this session law as a whole in reaching today's decision.

2. Article II, Section 17, provides in its entirety:

No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint.

3. Beyond this constitutional purpose, however, the preliminary hearing has historically performed collateral functions. A tool for future impeachment and a means for discovery, are examples of at least two collateral functions that have been previously recognized in Oklahoma. *See Reeves v. State*, 1991 OK CR 101, ¶¶28–32, 818 P.2d 495, 501 (describing a method of impeachment through the use of preliminary hearing testimony); *Hampton v. State*, 1972 OK CR 260, ¶16, 501 P.2d 523, 527 ("[i]t is true that the preliminary examination serves as a means of discovery for the defendant"); *see also* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 14.1 (1984) (listing various functions of the preliminary hearing in American jurisprudence).

4. Section 5439 of these statutes is the provision which would eventually evolve into 22 O.S.Supp. 1997, § 258. Although Section 258's subsections Sixth and Seventh did not occur until the 1994 amendments at issue herein, subsections First through Fifth have, for the most part, existed with only minor modifications since 1895. 1895 Okla.Sess.Laws ch. 41, § 1 [pp. 187–88] (amending O.S.1893, § 5004, which was formerly O.S. 1890, § 5439).

5. The 1895 statute uses the phrase "request of the county attorney, or of the defendant."

6. The 1895 law reads: "county attorney may, on approval of the probate judge, issue subpoenas in felony cases and call witnesses before him when the grand jury is not in session, and have them sworn and their testimony reduced to writing."

7. The 1890 statute uses the term "information" rather than the term "complaint."

function served by grand juries. *McCurdy v. State,* 39 Okl.Cr. 310, 312–13, 264 P. 925, 926–27 (1928); *accord State ex rel. Woodard v. Adams,* 1965 OK CR 36, ¶ 7, 400 P.2d 467, 468.

¶ 8 In *Lyon v. State,* 55 Okl.Cr. 226, 230, 28 P.2d 598, 599 (1934), the Court held, "It has been the universal holding of this court, even though the defendant may waive a preliminary examination, the state has the right to hold one and have its testimony recorded. *Haley v. State,* 20 Okla.Cr. 145, 200 P. 1009 [1921]; *McCurdy v. State,* 39 Okla.Cr. 310, 264 P. 925 [1928]." In 1969, the Court reaffirmed this position. *Arnold v. District Court of Pottawatomie County,* 1969 OK CR 306, 462 P.2d 335.[8]

¶ 9 The foregoing illustrates that both the ability of the State to investigate possible offenses and its privilege to preserve testimony through preliminary examination have long established statutory and judicial histories. If the Legislature intended such securely established powers to be outdone, we do not believe it would do so in an innocuous fashion. We must therefore disagree with Respondent's interpretation of Section 258 (Seventh). Instead we **FIND** that neither Section 258 (Seventh), nor the amendments which accompanied its enactment in 1994, has caused abolishment of the State's ability to proceed with a preliminary examination upon waiver thereof by the defendant. However, this ability is now limited by 22 O.S.Supp.1997, § 258 (Sixth), which provides "[o]nce a showing of probable cause is made the magistrate shall terminate the preliminary hearing and enter a bindover order."

¶ 10 **IT IS THEREFORE THE ORDER OF THIS COURT** that Petitioner's Application to assume original jurisdiction is **GRANTED** and a **WRIT OF MANDAMUS ISSUED** to Respondent as follows: Respondent is hereby directed to permit Petitioner to proceed with a preliminary examination in *State of Oklahoma, Plaintiff, v. Charles Ned, Defendant,* Okfuskee County District Court, Case No. P–98–237, subject to the provisions of 22 O.S.Supp.1997, § 258 (Sixth); and upon conclusion of such preliminary examination, Respondent shall thereafter proceed as provided by law and in a manner consistent with the foregoing Order.

**IT IS SO ORDERED.**

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

CHAPEL, J., concurs in result.

---

8. In reaching his decision, Respondent acknowledged the precedent of *Arnold v. District Court of Pottawatomie County,* 1969 OK CR 306, 462 P.2d 335, but determined such was no longer controlling in light of the 1994 amendments to 22 O.S. 1991, § 258. (Tr. 3).