(No. 24528.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY GAHAGAN, Plaintiff in Error.

*Opinion filed April 20, 1938.*

THOMAS J. O'MALLEY, JR., and MCCARTHY & TOOMEY, (JOHN E. TOOMEY, and JAMES C. O'BRIEN, JR., of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

The Appellate Court for the First District, affirmed a judgment of the municipal court of Chicago, where a jury found defendant Gahagan guilty of driving a motor vehicle while intoxicated. He was given a jail sentence of twenty days and fined $200. In this review we are not called upon to consider the evidence as only errors of law are assigned.

The original information was filed June 2, 1936. The case was called for trial on June 23, and defendant on that day was arraigned on the original information, entered a plea of not guilty and demanded a jury. Immediately thereafter the People were granted leave to file an amended information. This amended information must then have been presented because defendant thereupon made two motions, the first to quash the amended information, and the second to dismiss because of previous jeopardy. Both motions were overruled. The State's attorney then *nolled* a count of the amended information charging reckless driving. Defendant was then arraigned on the amended information, again pleaded not guilty and again demanded trial by jury. He was granted a jury trial and the trial commenced that day. The case was given to the jury at the conclusion of arguments on June 25. On the morning of June 26, before the jury had returned a verdict, the amended information was filed by the clerk under the leave granted on June 23. Motions in arrest of judgment and for a new trial were overruled.

Defendant first complains he was tried upon the original information and not upon the amended information. His contention is lodged on the theory that the amended information was not before the court, because it was not filed,—*i. e.,* presented to and stamped by the clerk of the court,—until the morning of June 26. The record refutes this argument, for, as above shown, he had knowledge of the amended information on June 23 before he was arraigned for the second time. He predicated his motion to quash, and the one of second jeopardy, upon that amended information. He entered his plea of not guilty to the amended information with full knowledge of its contents.

The Illinois cases cited and relied upon to show that the trial was had upon the original information are not in point. In *Balulis* v. *Hooper,* 338 Ill. 21, no leave to answer after the return day was asked, and although an answer was subsequently filed an order was entered defaulting defendants. The mere fact that an answer was on file was held insufficient to prevent the default. In *Farmer* v. *Fowler,* 288 Ill. 494, leave was granted to plead within ten days, but the answers were not filed until after the time limit, and defaults were entered without notice to defendants. We sustained the chancellor, holding the privilege of filing an answer after the expiration of the time limit is bestowed as a matter of grace and not as a matter of right. In *People* v. *Dantuma,* 252 Ill. 561, leave was granted to amend, but it was not in fact done, and the fatal variance between the information and the proof was not cured. *Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 Ill. 579, is simply authority for the proposition that where leave to amend a declaration is not used the court cannot treat the amendment as made. In *People* v. *Kennedy,* 303 Ill. 423, the record disclosed that defendant had not pleaded to the information, and there was no issue to be tried. In *Parkinson* v. *People,* 135 Ill. 401, the jury was sworn and testimony was taken before it was learned that defendant had not been

arraigned and allowed to plead. This was then done and the case proceeded without again swearing the jury. Motion in arrest of judgment was denied by the trial court, but this court reversed, holding that the jury should have been resworn after the arraignment and plea to try the issue thus created. The above cases, while correctly stating the law, are not applicable to the facts before us, since Gahagan was here arraigned on and pleaded to the amended information, and was tried by a jury sworn to try the issues thus presented.

In *Kirkham* v. *People*, 170 Ill. 9, an indictment had been returned into open court by the grand jury but the clerk failed to place his file-mark on it at that time. After the verdict, on motion made, the court ordered the clerk to place his file mark on the indictment as of the date it was returned into court. In reviewing this action, we said: "The indictment having been returned into open court by the grand jury in a body, which fact was shown by the record, it became a part of the records of the court at once, and the omission of the clerk to place his file-mark thereon did not affect its legality or destroy its character. The record shows the indictment to be a part of the records, and the defendant was in nowise prejudiced by allowing, and it was not erroneous to allow, the file-mark to be placed thereon." The same rule would apply to an information, for it is a formal presentation of a criminal charge against a person by the State's attorney instead of by a grand jury.

The Appellate Court was right in holding that the amended information was properly before the court at the time defendant proceeded to trial. Its judgment, sustaining the judgment of the municipal court of Chicago, is, therefore, affirmed.

*Judgment affirmed.*