(No. 57042.—

THE PEOPLE *ex rel.* RICHARD M. DALEY, State's Attorney, Petitioner, v. MATTHEW J. MORAN, Judge, *et al.,* Respondents.

*Opinion filed January 4, 1983.—Rehearing denied January 27, 1983.*

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joan S. Cherry, and Randall E. Roberts, Assistant State's Attorneys, of counsel), for petitioner.

Theodore A. Gottfried, State Appellate Defender, and

Robert E. Davison, Assistant Appellate Defender, of Springfield, for respondents.

JUSTICE UNDERWOOD delivered the opinion of the court:

In this original action, the State's Attorney of Cook County seeks the issuance of a writ of *mandamus*, or in the alternative a supervisory order, directing Associate Judge Matthew J. Moran of the circuit court of Cook County (respondent) to expunge certain orders entered pursuant to the guilty pleas of three defendants which he had accepted, over the objection of the State, in two unrelated cases.

On June 27, 1982, Johnnie and Charles Wilson were charged in a complaint for preliminary examination with aggravated battery. They allegedly struck a police officer in the head and upper body with a car jack. On July 9, the Wilsons appeared before respondent with their attorney. The complaining witness, Officer Willie Cochran, and an assistant State's Attorney were also present. Apparently, judging from a comment by defense counsel, there had been no discussion between defense counsel and the State concerning a possible plea prior to this court appearance. Following a preliminary discussion in which defense counsel indicated to the court that defendants were requesting a conference on a possible plea, the parties met in chambers. There is no record of that proceeding, but respondent later stated that, during that conference, the assistant State's Attorney had indicated that the State intended to file attempted-murder charges, and the court had offered to impose a sentence of two years' probation and a term of 20 days in the House of Corrections on pleas of guilty to aggravated battery. It is clear from the record that the State voiced its opposition to this proposed disposition.

Following the in-chambers conference, defense counsel indicated that defendants were willing to plead guilty

to aggravated battery, and the court instructed the assistant State's Attorney to file an information charging that offense unless the State intended to file attempted-murder charges. When the assistant State's Attorney indicated, in response to the court's question, that the State did not intend to file additional charges at that time, the court directed the State to file the aggravated-battery information within 30 minutes or face a contempt charge.

Following a brief recess the assistant State's Attorney informed the court that the State was respectfully refusing to file an information and was requesting a preliminary hearing on the aggravated-battery complaint. The court expressed a belief that the State's position was motivated by disagreement with the sentence the judge intended to impose, that the prosecution was attempting to usurp the court's sentencing powers; and that defendants, who were unable to post bond, would be prejudiced if the preliminary hearing were held since they could remain in custody for three or four months awaiting trial. The court then directed the clerk, over the State's objection, to assign an information number to the case and thereafter accepted defendants' guilty pleas to aggravated battery. The case was continued pending a presentence investigation, which the State had refused to waive.

On July 14, 1982, Arthur Hardison appeared before respondent pursuant to a complaint charging him with felony theft. The record is not entirely clear as to whether there had been plea discussions between the State and defense counsel, but it is clear that, if any discussion had occurred, no plea agreement had been reached between counsel. However, judging from the court's comments, there had been a conference between the court and defense counsel concerning a possible plea, at which the State may have been present. The court

stated that defendant expressed his intent to plead guilty "blindly," and the State then again expressed its opposition. The assistant State's Attorney sought to defend the State's position by citing this court's Rule 402 (85 Ill. 2d R. 402) regarding plea negotiations, the prohibition against the trial judge initiating plea discussions, and our opinions in *People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, and *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, regarding prosecutorial discretion in charging an offense. The court stated that Rule 402 was not applicable because there had been no agreement between the State and defense counsel and eventually directed the clerk to assign an information number to the case.

After ascertaining that defendant intended to plead guilty, the court stated: "On a plea of guilty to that charge, pursuant to the agreement and the discussion here, the agreement being between the court and your counsel, who is pleading blindly at this time, the court would grant the defendant one year probation." An officer was sworn pursuant to the court's instruction and testified that he observed defendant take property from the person of Karen McCowski without her consent. The plea was entered and the case continued pending a presentence investigation. The proceedings in that case as well as the Wilsons' have been stayed by this court pending resolution of this *mandamus* action, and we are informed that the defendants are at liberty on bond or recognizance pending our decision.

It is a familiar and firmly established principle that the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution. (*People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 150; *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 539; Ill. Rev. Stat. 1981, ch. 14, par. 5.) That

discretion includes the decision whether to prosecute at all, as well as to choose which of several charges shall be brought. (*People v. Pankey* (1983), 94 Ill. 2d 12, 16; *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 539.) The Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 111—2(a)) provides that "[a]ll prosecutions of felonies shall be by information or by indictment," and that "[n]o prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109—3 and at that hearing probable cause to believe the defendant committed an offense was found." An information, of course, is a formal presentation of a criminal charge against a defendant by the People's representative: the State's Attorney. (*People v. Gahagan* (1938), 368 Ill. 475, 478; Ill. Ann. Stat., ch. 38, par. 111—1, Committee Comments, at 321 (Smith-Hurd 1980).) It "shall be signed by the State's Attorney and sworn to by him or another." (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(b).) No authority is cited and we have found none authorizing a trial judge to order the State to file an information, or to file that charge on the court's own motion upon the State's Attorney's refusal to do so.

We consider such action by a trial judge to be an impermissible exercise by the judicial branch of powers belonging exclusively to the executive and in direct contravention of the applicable statutory mandates. (Ill. Const. 1970, art. II, sec. 1; Ill. Rev. Stat. 1981, ch. 14, par. 5; Ill. Rev. Stat. 1981, ch. 38, par. 111.) A trial judge cannot, consistent with the constitutional principle of separation of powers, assume the role of prosecutor and determine which criminal offense shall be charged and thereafter proceed with disposition of that offense over the State's objection, and the court had no authority to direct that the information be filed and then accept the guilty pleas thereto. (*People ex rel. Elliott v. Covelli*

(1953), 415 Ill. 79; *People v. Deems* (1980), 81 Ill. 2d 384; *People v. Pankey* (1983), 94 Ill. 2d 12.) *Mandamus* will therefore issue to compel respondent to expunge those orders and to follow the statutory provisions. *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151; *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531.

The Wilsons' case involves other arguments requiring separate consideration. The State asserts that it was and continues to be the intention of the State's Attorney to file additional charges against the Wilsons, and that the court's actions effectively precluded the State from exercising its power to charge more serious offenses carrying greater punishments. Respondent disputes this factual allegation, urging that it is not supported by the record and, in any event, presents a question of fact, central to the resolution of this case, which precludes the issuance of a writ of *mandamus*. (See, *e.g., Touhy v. State Board of Elections* (1976), 62 Ill. 2d 303, 312 (if factual questions are present, *mandamus* is inappropriate).) We do not agree that a factual dispute exists. The record shows that the State had informed the court, at the time of the conference, of the State's intention to file attempted-murder charges. When the assistant State's Attorney subsequently told the court that the State was not filing additional charges, it was in response to the court's question: "Are you filing those additional charges, *at this time?*" (Emphasis added.) The response, "No, respectfully, we are not," was accompanied by a request for a preliminary hearing on the pending complaint and a refusal of the court's directive to file an information. This exchange, in our judgment, cannot fairly be construed as indicating the State did not intend to file additional charges following a preliminary hearing. This interpretation is strengthened by the fact that the State also then referred to our opinions holding that the decision to choose which of several charges shall be brought

against a defendant is one within the exclusive discretion of the State's Attorney.

Respondent further argues that the court properly denied the State's request for a preliminary hearing because such a hearing would have served no legitimate purpose. The applicable statute provides:

> "(b) If the defendant waives preliminary examination the judge shall hold him to answer and may, *or on the demand of the prosecuting attorney shall, cause the witnesses for the State to be examined.* After hearing testimony if it appears that there is not probable cause to believe the defendant guilty of any offense the judge shall discharge him." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, pars. 109—3(a), (b).)

Respondent urges that the word "shall" is not mandatory when considered in conjunction with the purposes of the preliminary hearing which do not include enabling the State to determine if additional charges are warranted. See *People v. Horton* (1976), 65 Ill. 2d 413, 417 (the preliminary hearing is not intended to be a discovery proceeding).

In our judgment, it is clear from the language of the statute that the court is required to hold a preliminary hearing on the demand of the prosecuting attorney, notwithstanding a waiver by the defendant. While it is universally recognized that the primary purpose of the preliminary hearing is to determine whether there is probable cause to hold the accused for trial (Kamisar, LaFave & Israel, Modern Criminal Procedure 963 (5th ed. 1980); *e.g., People v. Adams* (1970), 46 Ill. 2d 200, 205, *aff'd* (1972), 405 U.S. 278, 31 L. Ed. 2d 202, 92 S. Ct. 916; *People v. Bellanca* (1972), 386 Mich. 708, 194 N.W.2d 863; *Jones v. Superior Court* (1971), 4 Cal. 3d 660, 667-68; 483 P.2d 1241, 1245, 94 Cal. Rptr. 289, 293; *Thies v. State* (1922), 178 Wis. 98, 102, 189 N.W. 539, 541), several collateral functions have frequently been acknowledged (*e.g., State v. Pigg* (1909), 80 Kan. 481, 103 P. 121; 21 Am. Jur. 2d *Crim-*

*inal Law* sec. 413, at 685 (1981); Ill. Ann. Stat., ch. 38, par. 109, Committee Comments, at 242 (Smith-Hurd 1980)), and in most jurisdictions the prosecuting attorney has a right to insist upon a preliminary hearing even if the defendant desires to waive his right thereto. (Kamisar, LaFave & Israel, Modern Criminal Procedure 966-67 (5th ed. 1980); 22 C.J.S. *Criminal Law* sec. 332, at 848 (1961); 21 Am. Jur. 2d *Criminal Law* sec. 415, at 687 (1981); see, *e.g.,* Cal. Pen. C. A. sec. 860(3) (1971); *State v. Boone* (1975), 218 Kan. 482, 484, 543 P.2d 945, 948, citing *State v. Pigg* (1909), 80 Kan. 481, 483-84, 103 P. 121, 122; *People v. Duncan* (1972), 388 Mich. 489, 500-01, 201 N.W.2d 629, 633-34, quoting *People v. Wilcox* (1942), 303 Mich. 287, 295-96, 6 N.W.2d 518, 521, *cert. denied* (1943), 318 U.S. 783, 87 L. Ed. 1150, 63 S. Ct. 853; *State v. Marchetti* (1965), 247 La. 649, 664, 173 So. 2d 531, 536; see also *Van Buren v. United States* (D. Ind. 1888), 36 F. 77; Graham & Letwin, *The Preliminary Hearings in Los Angeles: Some Field Findings and Legal-Policy Observations,* 18 U.C.L.A. L. Rev. 635, 646-47 (1971) (the Los Angeles district attorney's office rarely accepts a defense waiver of the preliminary hearing).) The committee comments, which are frequently utilized by this court in determining the legislative intent (*e.g., People v. Manning* (1979), 76 Ill. 2d 235, 240, and cases cited therein), lend support to our conclusion. "While the defendant may waive the preliminary examination, this does not prevent the state from introducing nor the judge from requiring, evidence to establish probable cause (see *State v. Pigg,* 81 Kan. 481, 103 P. 121, 18 Ann. Cas. 521 (1909)). Paragraph 109—3 so provides." Ill. Ann. Stat., ch. 38, par. 109—3, Committee Comments, at 259 (Smith-Hurd 1980).

In *Pigg* the defendant was charged in a warrant with grand larceny. Following a preliminary hearing, to which defendant objected, an information was filed charging defendant with larceny from the person. Defendant ap-

pealed his subsequent conviction, arguing that his waiver of the preliminary examination precluded the magistrate from conducting one and urging that he should have been bound over to answer only the original charge. In rejecting this argument the Kansas Supreme Court discussed at some length an issue similar to ours. The court stated:

> "We are aware of no law forbidding the practice, and certainly there is no good reason why a prosecuting attorney may not introduce evidence before the examining magistrate notwithstanding the accused has waived a preliminary examination. At the time the waiver is made the prosecutor may not have knowledge of facts that would authorize the filing of another complaint. It is apparent that the interests of justice will often require that some evidence be introduced by the state. The prosecutor may wish to make a preliminary investigation to learn the facts so that he may proceed intelligently in the subsequent prosecution of the case, or to preserve the testimony of a witness. It may become necessary, as in this case, to examine a witness in order to furnish a basis for requiring a recognizance for his appearance at the trial. Besides, the state has an interest and concern in the discharge of an accused person when there is no ground for believing him guilty." 80 Kan. 481, 483-84, 103 P. 121, 122.

We note, too, that section 111—2(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 111—2(f)) specifically authorizes the State, following a preliminary hearing at which probable cause is established, to proceed by information "for all offenses, arising from the same transaction or conduct of a defendant even though the complaint or complaints filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct." This court in *People v. Redmond* (1977), 67 Ill. 2d 242, *cert. denied* (1978), 434 U.S. 1078, 55 L. Ed. 2d 785, 98 S. Ct. 1272, sustained the validity of that section, holding that our constitution did not require a probable-cause determination for each sepa-

rate charge where the subsequently charged offense arose from the same transaction or conduct.

We recognize that respondent's actions were apparently motivated by his concern that the State's Attorney was usurping the court's functions and a desire to avoid prejudice to defendants. The remedy was not, however, for the court to usurp the State's Attorney's prerogatives. It is the responsibility of the State's Attorney as the representative of the People to evaluate the evidence and other pertinent factors to determine what offenses can and should properly be charged. (*People v. Brooks* (1976), 65 Ill. 2d 343, 349; *People v. Rhodes* (1967), 38 Ill. 2d 389, 396.) Where, as here, the assistant State's Attorney informed the court that the State intended to file other charges and requested a preliminary hearing, we will not assume, absent more persuasive circumstances, that the State's refusal to acquiesce in the guilty pleas to aggravated battery was designed solely to delay disposition of the case while defendants remained in custody.

For the reasons stated, the writ of *mandamus* will issue directing respondent to expunge the orders entered pursuant to the guilty pleas of Johnnie Wilson, Charles Wilson and Arthur Hardison and to proceed in a manner consistent herewith.

*Writ awarded.*