THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KENNETH DANDRIDGE, Defendant-Appellee.

Second District   No. 2—86—0284

Opinion filed February 26, 1987.

Daniel D. Doyle and Paul A. Logli, State's Attorneys, of Rockford
(Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor's Office, of
Springfield, and William L. Browers and David A. Bernhard, both of
State's Attorneys Appellate Prosecutor's Office, of Elgin, of counsel), for
the People.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate De-
fender's Office, of Elgin, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from the dismissal of the information filed in
the circuit court of Winnebago County which charged defendant,
Kenneth Dandridge, with residential burglary.

Defendant was charged by information with the residential bur-
glary of 619 Rome Avenue in Rockford. Defendant moved to suppress
statements he made to the police and to dismiss the information, al-
leging that (1) he was arrested as a suspect in the burglary of 407 Hu-

ron in Machesney Park, (2) before he made any statement, detectives told him he would be charged with only one burglary, and (3) in violation of the police's promise, he was charged with the burglary of 619 Rome Avenue.

A hearing was held on the motion to suppress. Defendant was stopped on November 26, 1984, as a suspect in a home invasion in Machesney Park. Detective Salamone of Rockford told defendant in an interview that evening that evidence taken from his car indicated that he was involved in other burglaries. He and Detective Oldenburger told defendant they were not going to talk to him about the crime with which he was already charged (the Huron Street burglary) because that was the county's case. They wanted to clear up the cases in the city. They told him that if he cleared up the burglary in the city, they would charge him with one burglary in the city, although the other burglaries would be brought up in a sentencing hearing. Defendant then gave a written statement in which he admitted his burglary of a house on Rome Avenue. Salamone's report did not state that they told defendant he would only be charged with one *city* burglary, but stated that if he told the truth, he would be charged with only one burglary. Defendant has been charged with both the Huron Street and Rome Avenue burglaries.

Randall Oldenburger testified that defendant was told that he and Salamone were not concerned with the Machesney Park burglary and that they would charge him with only one of the numerous city burglaries in which he was involved.

Defendant testified that Detectives Salamone and Oldenburger told him that if he admitted to one of the burglaries, they would charge him with only one. He might be charged with the Huron Street burglary or another. Afterwards, he gave them the written statement on the Rome Avenue burglary.

The court granted the motion to suppress defendant's statement.

The testimony given on the motion to suppress was admitted for consideration of the motion to dismiss. William Emmert, Winnebago County Assistant State's Attorney, testified that he filed the Rome Avenue charge against defendant. Neither he nor any other assistants in the office recalled receiving a telephone call from any police officer about defendant's burglaries.

Detective Jim Young testified that he was one of the officers involved in defendant's arrest for the Machesney Park burglary. He never spoke to the State's Attorney about any agreement to charge defendant with only one burglary. Although Detective Young's report stated that such arrangements had been made with the State's Attor-

ney's office, Detective Salamone never spoke to the State's Attorney's office about defendant's case. To his knowledge, neither Detective Oldenburger nor any other police officer contacted that office.

Detective Salamone testified that it has been a common practice for 11 years to tell someone who is being questioned in connection with several property crimes that they will charge him with only one burglary. He stated the agreement to the defendant without previously obtaining an okay from the State's Attorney's office. Over the 11 years that he has been in the detective bureau, the State's Attorney has honored these commitments.

The circuit court granted the motion to dismiss.

■ The State appeals from the dismissal and argues that the State's Attorney was not bound by the unauthorized promise made to defendant by the detectives. We agree and reverse.

■ The State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution. (*People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 45; Ill. Rev. Stat. 1985, ch. 14, par. 5.) The discretion includes the decision whether to prosecute at all. (94 Ill. 2d 41, 46.) An official other than the State's Attorney does not have the authority to determine prosecution for criminal conduct. See *People v. Thompson* (1980), 88 Ill. App. 3d 375, 379 (State revenue auditor's statement to taxpayer that the payment of owed taxes would solve all tax problems did not bar the bringing of criminal charges for filing false tax returns).

In *Winkles v. Maryland* (1978), 40 Md. App. 616, 392 A. 2d 1173, defendant moved to quash the proceedings against him because of an alleged promise by a police officer that in exchange for information, the charges would not be prosecuted. The court held that the motion was properly denied because only the State's Attorney could make such a promise and the police could not bind the State's Attorney to the promise he made. Defendant argues that *Winkles* is distinguishable because the police officer did not testify that he promised the charges would be dismissed, but only that he would speak to the State's Attorney about defendant's cooperation. The *Winkles* court recognized that the defendant's and the police officer's versions of the promise differed, but it accepted defendant's version *arguendo*.

Federal cases have found that unauthorized promises made to defendants by government officials did not bind the proper authorities. *Johnson v. Lumpkin* (9th Cir. 1985), 769 F.2d 630, 632 (Federal agents were not authorized by State authorities to promise that defendant would serve no time on State charges if he cooperated in bribery investigation); *United States v. Lombardozzi* (2d Cir. 1972),

467 F.2d 160, *cert. denied* (1973), 409 U.S. 1108, 34 L. Ed. 2d 688, 93 S. Ct. 907 (prosecution not bound by suggestion by FBI agent of concurrent Federal and State sentences); *United States v. Hudson* (9th Cir. 1979), 609 F.2d 1326, 1329 (U.S. Attorney not bound by promise of secret service agent that if codefendant cooperated in apprehension of supplier of counterfeit bills, all charges against codefendants would be dropped); *United States v. Long* (7th Cir. 1975), 511 F.2d 878, *cert. denied* (1975), 423 U.S. 895, 46 L. Ed. 2d 128, 96 S. Ct. 196 (agents of Illinois Bureau of Investigation could not bind Federal government to their promise that no charge relating to firearms would be made).

Defendant argues that the State's Attorney is bound by the promise made to him by the detectives because they had apparent authority. The apparent authority rule has been used to suppress evidence obtained because of defendant's mistaken perception of an official's authority to make an agreement. (See *People v. Hill* (1980), 78 Ill. 2d 465). The application of the rule to dismiss charges, however, has already been rejected. *People v. Thompson* (1980), 88 Ill. App. 3d 375, 378-79.

■ Defendant next argues that the dismissal of the charge could also be upheld on the basis that, as in *United States v. Long* (7th Cir. 1975), 511 F.2d 878, an agency relationship existed between the State's Attorney and the detectives. The evidence that over many years the State's Attorney has honored commitments made by the police that someone being questioned will only be charged with one burglary falls short of establishing an agency relationship wherein the police are authorized to determine whether to bring charges.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HOPF and DUNN, JJ., concur.