**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200257-U

Order filed November 14, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0257 Circuit No. 16-CF-2221 |
| | ) | |
| JOHNATHAN C. ELLIOTT, | ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err in dismissing defendant's postconviction petition at the first stage.

¶ 2     Defendant, Johnathan C. Elliott, appeals from the first-stage dismissal of his postconviction petition. Defendant argues that the Will County circuit court erred in dismissing his petition because it presented the gist of claims of a due process violation and ineffective assistance of counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In October 2016, the State charged defendant with being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a)(1) (West 2016)) along with four other charges stemming from the same incident. Relevant to this appeal, the AHC charge alleged:

> "[D]efendant knowingly possessed a firearm, a black Sig Sauer P320 pistol, after having been convicted of the offenses of Predatory Criminal Sexual Assault of a Child in Grundy County under docket number 1997 CF 74 in violation of Section 12-14.1 of Act 5 of Chapter 720 of the Illinois Compiled Statutes, and Aggravated Battery in Grundy County under docket number 1997 CF 8 in violation of Section 12-4(a) of Act 5 of Chapter 720 of the Illinois Compiled Statutes, in violation of Chapter 720, Section 5/24-l.7(a)(l) and (b), of the Illinois Compiled Statutes, 2016."

Counsel was appointed to represent defendant.

¶ 5        On May 11, 2017, defendant entered a negotiated plea agreement to the AHC charge in addition to two unrelated 2015 cases. In exchange, the State dismissed several pending charges and recommended a sentence of four years' imprisonment on the 2015 cases and a consecutive term of six years' imprisonment on the AHC charge. Defendant was fully admonished and persisted in his plea of guilty. The State provided a factual basis for each of the three charges. Regarding the prior convictions element of AHC, the State proffered that defendant "also does have the priors that are listed in that Bill of Indictment making it the armed habitual." Defense counsel stipulated to the factual basis as presented by the State. Defendant filed no postplea motions or direct appeal.

¶ 6    On May 11, 2020, defendant filed, as a self-represented litigant, a postconviction petition alleging, among other things, that his due process rights were violated because his prior conviction was for an aggravated battery that occurred in a public way, and it did not include great bodily harm, no evidence of great bodily harm was presented, which was necessary to qualify as a forcible felony, and counsel was ineffective for stipulating to the deficient factual basis and failing to challenge the facts of defendant's criminal background. Defendant attached a copy of the police report for his 1997 aggravated battery case. In the report, the officer indicated that defendant "was charged with Agg. Battery under sec 720 act 5 section 12-4(b)(8). He was then transported to the jail." On June 15, 2020, the court summarily dismissed defendant's postconviction petition. Defendant appeals.

¶ 7                                    II. ANALYSIS

¶ 8    Defendant argues the court erred in dismissing his petition because it presented the gist of claims of a due process violation and ineffective assistance of counsel. Specifically, the petition alleged: (1) the factual basis provided for the AHC charge failed to provide evidence of an essential element of the offense where his prior conviction for aggravated battery was charged under section 12-4(b)(8)—aggravated battery in a public way—and did not include great bodily harm; (2) counsel erroneously advised defendant to plead guilty where the evidence was insufficient to support a conviction; and (3) counsel erroneously stipulated to the deficient factual basis.

¶ 9    The Post-Conviction Hearing Act creates a procedure for imprisoned criminal defendants to collaterally attack their convictions or sentences based on a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a)(1) (West 2020). At the first stage, the court independently assesses the merit of the petition. *Id.*

3

§ 122-2.1. A defendant need only state the gist of a constitutional claim, which is a low threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). All well-pleaded facts are to be taken as true unless positively rebutted by the record. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). If the court finds the petition to be "frivolous or patently without merit," the court shall dismiss the petition. *People v. Moore*, 2018 IL App (3d) 160271, ¶ 15. A petition is considered frivolous if it has no arguable basis in law or fact. *Hodges*, 234 Ill. 2d at 11-13, 16.

¶ 10        Defendant's claims of both a due process violation and ineffective assistance of counsel stem from his allegation that his prior conviction for aggravated battery in a public way was insufficient to sustain a conviction for AHC. Illinois Supreme Court Rule 402(c) (eff. July 1, 2012) requires that "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Further, a plea of guilty is not voluntarily made where a defendant relies on advice of counsel that falls outside " 'the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). For claims of ineffective of counsel to avoid summary dismissal, a defendant must demonstrate that: (1) counsel's performance arguably fell below an objective standard of reasonableness; and (2) the defendant was arguably prejudiced. *Hodges*, 234 Ill. 2d at 17. Where an underlying claim has no merit, no prejudice will result. *People v. Pitsonbarger*, 205 Ill. 2d 444, 465 (2002).

¶ 11        A conviction for AHC requires a defendant have two or more prior convictions for a qualifying offense. Section 24-1.7(a) defines a qualifying offense as "a forcible felony as defined in Section 2-8 of [the Criminal Code of 2012]" or one of the offenses specifically enumerated in sections 24-1.7(a)(2) and (a)(3). 720 ILCS 5/24-1.7(a) (West 2016). Section 2-8 states that forcible felonies are:

"treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." *Id.* § 2-8.

¶ 12    Here, through the bill of indictment and the State's proffer, the record reflects that defendant had prior convictions for predatory criminal sexual assault of a child and aggravated battery under section 12-4(a). In 1997, section 12-4(a) read: "[a] person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." 720 ILCS 5/12-4(a) (West 1996). Accordingly, the record rebuts the claim that defendant's prior conviction was for aggravated battery in a public way under section 12-4(b)(8) because defendant was convicted under section 12-4(a), which included the necessary great bodily harm element.

¶ 13    Even taking the attached police report as true, it merely reflects what charge the police arrested defendant for. However, it is the responsibility of the State alone "to evaluate the evidence and other relevant factors to determine what offenses can and should properly be charged." *People v. Edgeston*, 243 Ill. App. 3d 1, 11 (1993). "An official other than the State's Attorney does not have the authority to determine prosecution for criminal conduct." *People v. Dandridge*, 152 Ill. App. 3d 941, 943 (1987). In other words, the felony offense that is relevant for purposes of the AHC conviction is the offense that defendant stands convicted of, not what he was initially arrested for.

¶ 14    Defendant's prior conviction for aggravated battery constitutes a forcible felony, and thereby, a qualifying offense under the AHC statute, sufficient to support the conviction which was entered against defendant. Thus, defendant's claims of a due process violation and ineffective assistance of counsel are rebutted by the record, and the court did not err in dismissing his postconviction petition.

¶ 15                              III. CONCLUSION

¶ 16    The judgment of the circuit court of Will County is affirmed.

¶ 17    Affirmed.